Toni J. Jaramilla (State Bar #174625)
May Mallari (State Bar #207167)
TONI J. JARAMILLA, A PLC
10100 Santa Monica Blvd., Suite 300
Los Angeles, CA 90067
Telephone: (310) 551-3020
Facsimile: (310) 551-3019
Email: Toni@tjjlaw.com; May@tjjlaw.com

Randy Renick (State Bar #179652)
Virginia Keeny (State Bar #139568)
Lauren Teukolsky (State Bar #211381)
HADSELL, STORMER, KEENY,
RICHARDSON & RENICK LLP
128 North Fair Oaks Avenue, Suite 204
Pasadena, California 91103
Telephone: (626) 585-9600
Facsimile: (626) 577-7079
Email: rrr@hskrr.com

Attorneys for Plaintiffs

FILED
CLERK, U.S. DISTRICT COURT
AUG 31 2009
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOLANDA CREWS, an individual; DAVE NGUYEN, an individual; FELICIANO CANO an individual; DUY NGUYEN an individual; JOHN YEGHIAYAN an individual; DUKE LE an individual; HUGO URIBIO an individual; DARMAWAN GANDASETIAWAN, an individual; and MARK STRAWN, an individual.<br><br>Plaintiffs,<br><br>v.<br><br>DOMINO'S PIZZA, CORP.; a corporation; DOMINO'S PIZZA, LLC, a Michigan Limited Liability Corporation; DOMINO'S PIZZA CALIFORNIA, LLC, a California Limited Liability Corporation, and DOES 1-50, inclusive<br><br>Defendants. | Case No. CV 08-03703- GAF (SSx)<br><br>Assigned to: Hon. Gary Allen Feess<br>Courtroom: 740<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER<br><br>Complaint Filed: April 21, 2008<br><br>Removal Date: June 6, 2008<br><br>Trial Date: November 3, 2009<br><br>All future discovery filings shall include the following language on the cover page:<br>"[Referred to Magistrate Judge Suzanne H. Segal]" |

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER
Case No. CV 08-03703- GAF (SSx)

...

1  Plaintiff Yolanda Crews et al. and defendant, Domino's Pizza LLC, through
2  their respective counsel of record, stipulate and agree as follows:

4  1.  The following documents produced or otherwise disclosed by a party
5  in this action, or a third party whose documents are subpoenaed by a party to this
6  action, which are, in good faith, determined by the producing party to contain
7  confidential or proprietary information, including: 1) the address and telephone
8  numbers of third parties and 2) cell phone records, shall be designated as
9  confidential, and so marked by stamping each page of the document
10 "Confidential." Moreover, each party shall comply with Local Rule 79-5.4 with
11 respect to the redacting of social security or other personal identifiers.
12   With respect to any electronic storage device, such as DVDs, CDs, and the
13 like, marking the exterior of such device as "Confidential" designates the contents
14 of such device as "Confidential."

16  2.  Good cause exists for documents marked in good faith as
17 "Confidential" due to the private nature of the information and the privacy
18 interests of the individuals who are the subject of the "Confidential" documents or
19 information.

21  3.  When used in this Order, the word "documents" means all written,
22 recorded or graphic matter however created and whatever the medium on which it
23 was produced or reproduced, including, but not limited to, documents produced by
24 agreement, and may also include deposition transcripts and exhibits.

26  4.  All Confidential documents and all information contained therein,
27 shall be used by the party to whom the documents are disclosed solely for the
28 prosecution and/or defense of this action, and shall not be further disseminated,

1  except as specifically agreed upon in writing by all counsel for the parties.

3     5.    Except with prior written consent of the party asserting confidential treatment, Confidential documents and the information contained therein may be disclosed only to the party, to counsel who files an appearance for the party to whom the confidential disclosure has or is to be made, and secretaries, paralegal assistants, experts and other employees of such counsel who are assisting counsel in the prosecution and/or defense of this action. Counsel shall be responsible for ensuring that his or her partners, associates and employees who are involved in the representation of a party in this case, and/or who have access to discovery in this case, are informed of the terms of this Order and agree to abide by said terms.

13     6.    Documents designated Confidential, and information derived therefrom may be referred to in discovery responses and requests, motions, briefs and other court papers, and may be used in depositions and marked as deposition or trial exhibits in this action.

To the extent Confidential documents are filed with the Court, they shall be filed pursuant to Local Rule 79-5. However, nothing in this Stipulation and Order precludes the parties from using or referring to Confidential documents in trial. The parties reserve their rights to raise any confidentiality issues that may arise at trial with the District Court judge,

23     7.    Within no more than three months after the conclusion of the litigation of this action, or upon settlement or dismissal, documents designated as Confidential, and all copies of such documents (other than exhibits of record) shall be destroyed, or in the alternative, maintained in such a manner as to preserve their confidentiality. Nothing in this Order shall prevent any party to this action from moving the court to remove the Confidential designation from a particular

document, from seeking modification of this Order, from designating already-produced documents as Confidential, or from objecting to discovery which a party believes to be otherwise improper.

8. Within a reasonable amount of time following conclusion of the litigation, settlement or dismissal, the attorneys of record shall assemble work product materials which make reference to any such Confidential documents and either destroy such materials or excise and destroy the portions thereof containing such Confidential documents; or, alternatively, retain such materials in a manner that will preserve the confidentiality of the Confidential documents.

9. Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to his/her client and, in the course thereof, relying generally on his/her examination of items designated as Confidential.

AGREED.

DATED: 8/27/09

HADSELL, STORMER, KEENY, RICHARDSON & RENICK LLP
TONI JARAMILLA, APLC

By /s/ Toni Jaramilla
Toni Jaramilla
May Mallari
TONI JARAMILLA, APLC
Attorneys for
Plaintiffs Yolanda Crews et al.

DATED: 8-27-09

CARLTON, DISANTE & FREUDENBERGER LLP
KOLAR & ASSOCIATES INC.

By /s/ Chris Robertson
Chris Robertson
CARLTON, DISANTE & FREUDENBERGER LLP
Attorneys for Defendant
Domino's Pizza LLC

IT IS SO ORDERED.
DATED: 8/31/09

UNITED STATES MAGISTRATE JUDGE